IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALVIN WHITE et al.,

    *Plaintiffs*,

v.

    Civil Action No. ELH-17-1623

WILLIAM DEMARCO et al.,

    *Defendants*.

## MEMORANDUM

Self-represented plaintiffs Alvin White and Rachel White, who are married, have sued Arbor Corporation, Diane Grant, William DeMarco, and "B. Stewart,"[1] alleging, *inter alia*, housing discrimination based on race, and a variety of State-law claims related to an apartment plaintiffs rented for a number of months. ECF 1 (Complaint); ECF 7 (Amended Complaint). Plaintiffs assert that in 2016 and 2017, defendants, who managed the apartments at the Villa of White Hall in Elkton, Maryland, mistreated plaintiffs and provided services to them that were inferior to those offered to White tenants. ECF 1 at 10-14. In March 2017, plaintiffs moved to another residence. *Id.* at 7.

Plaintiffs have alleged jurisdiction on the basis of a federal question, under 28 U.S.C. § 1331, asserting violations of their constitutional rights under the Fourth and Fourteenth amendments. ECF 1 at 4; ECF 7 at 8. They seek compensatory and punitive damages (ECF 1 at 7), asserting, *inter alia*, that they were placed in an apartment that was not habitable. *Id.*; *see also* ECF 7 at 12.

Defendants have moved to dismiss the Complaint under Fed. R. Civ. P. 8, "for lack of jurisdiction and deficient pleading," and under Fed. R. Civ. P. 12(b)(6), for failure to state a

---

[1] The surname also appears as "Steward." *See, e.g.*, ECF 7 at 1.

claim. ECF 10. The motion is supported by a memorandum of law. ECF 10-1 (collectively, "Motion"). Plaintiffs oppose the Motion (ECF 14, "Opposition"), and have submitted several exhibits chronicling their interactions with defendants. ECF 14-1. Notably, defendants did not reply.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall dismiss the constitutional claims, and I shall decline to exercise supplemental jurisdiction over the State-law claims.

## I.     Factual and Procedural Background[2]

### A.

At the time the Complaint was filed, plaintiffs were 87 and 76 years old. ECF 1 at 13.[3] Plaintiffs state that on Friday, June 10, 2016, they moved into an apartment in "the Villas of White Hall," a low income housing development for seniors. ECF 7 at 2, 6. The property, at 507 Skipjack Ct., Elkton, Maryland, was managed by defendants. *Id.* at 6. According to plaintiffs, they were scheduled to move in on June 11, 2016, but were told by defendant Grant, "'No moving in on Saturdays.'" *Id.* When they arrived, "the apartment . . . was in deplorable condition." ECF 1 at 6. According to plaintiffs, the rug was soaking wet and smelled of "lavender fragrance" and "cat urine." *Id.* There was mold in the bathtub and on the bathroom floor, and the vents, shelves, and toilet were "covered with brown substance." *Id.* Plaintiffs also allege the presence of rug mites or dirt mites, and assert that they caught the exterminator and

---

[2] In view of the procedural posture of the case, I must accept as true the facts alleged in the Complaint. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). I am also mindful that plaintiffs are *pro se*, and therefore I must construe their submissions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[3] Plaintiffs do not specify who among them is 87 years old and who is 76 years of age. *See* ECF at 13.

Grant "plant[ing] a bed bug" on the furniture. *Id.* Despite numerous attempts to have the apartment cleaned and the rug replaced, plaintiffs allege that the rug remained in the apartment until February 7, 2017, and the tub and floor continued to have traces of mold. *Id.* at 11, 13.

According to plaintiffs, as a result of the unsanitary condition of the apartment, plaintiffs suffered from pneumonia (ECF 1 at 12) and a "congestive heart attack due to breathing problems." ECF 7 at 6. Ms. White also complained of other heart problems, asserting that "when exposed to strong odors it would make [her] heart beat faster." ECF 1 at 12. Mr. White allegedly had trouble walking on the carpet, "due to [its] bulkiness." *Id.*

Plaintiffs also contend that they were discriminated against on the basis of their race. According to the Complaint, "3 Whites [were] given immaculate apartments. [Plaintiffs] as Blacks [were] given the opposite." ECF 1 at 11. Plaintiffs also allege that the rules of the property were different for Black and White tenants, and that White tenants were allowed to move in on Saturdays and smoke on the property, while Black tenants had to leave the grounds to smoke. *Id.*; *see also* ECF 7 at 10-11.

Plaintiffs aver that they contacted Veterans Affairs, the "Health Department," the Department of Housing and Urban Development, and "Section 8," seeking assistance. ECF 1 at 13. However, plaintiffs state that because they were "not on any government program, [the agencies] could not help [plaintiffs]." *Id.*

It appears that plaintiffs did come in contact with an attorney through the "Office on Aging," and they filed "for Escrow" in State court regarding the carpet, which was "Denied." *See id.* But, in February 2017, defendants agreed to replace the carpet. *Id.*

Plaintiffs moved out of the apartment on March 11, 2017. *Id.* at 14. This suit followed.

**B.**

Plaintiffs' handwritten Complaint was filed on June 14, 2017. It alleges the basic facts of plaintiffs' claims against William DeMarco, the "Compliance Manager" for the property; Diane Grant, the Property Manager; and an unnamed Regional Supervisor. ECF 1 at 2-3, 10. The same day, plaintiffs filed a motion to appoint counsel (ECF 3), which was denied. ECF 4.

On July 11, 2017, plaintiffs filed an "addendum" to their Complaint (ECF 5), which the Court construed as a request to add a defendant. ECF 6 at 2. The Court granted plaintiffs 21 days to amend their Complaint. *Id.* Plaintiffs filed an Amended Complaint, adding "Arbor Corporation" and "Mr. B. Stewart" (the formerly unnamed Regional Supervisor) as defendants. ECF 7 at 1, 4. The Amended Complaint includes allegations that overlap with the initial Complaint, but it is organized in a different way and omits certain parts. Construing plaintiffs' *pro se* submissions liberally, as I must, I shall consider the Amended Complaint to incorporate the original Complaint.

Viewing the two submissions collectively, I take plaintiffs to allege seven claims[4]: (1) racial discrimination, in violation of the Fourteenth Amendment to the Constitution (*see* ECF 7 at 3, 11); (2) violation of the Fourth Amendment's prohibition on unreasonable searches and seizures (*see* ECF 7 at 8); (3) failure to repair or eliminate serious conditions and defects of residential dwellings, under Md. Code (2015 Repl. Vol., 2017 Supp.), § 8-211 of the Real Property Article ("R.P.") (*see* ECF 7 at 8); (4) "Abuse of Elderly" (*see* ECF 7 at 7); and (5) housing discrimination "under Tenant/Landlord Laws of Md." (*see* ECF 7 at 10). Plaintiffs also discuss "Intimating Charges," but without clarification or reference to any law. ECF 7 at 9.

---

[4] Several of plaintiffs' claims appear to be brought only against specific defendants. *See* ECF 7 at 3, 4, 6. However, for purposes of this Memorandum, I need not discuss them separately.

As relief, plaintiffs request compensatory damages, such as reimbursement for medical bills and moving expenses. *See* ECF 7 at 12. They also request punitive damages. *See* ECF 1 at 7.

Defendants subsequently filed the Motion (ECF 10), along with an Answer to the Amended Complaint. ECF 11.

## II.    Legal Standard

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to

satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer"

that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The purpose of the rule is to ensure that defendants are "given adequate notice of the nature of a claim" made against them. *Twombly*, 550 U.S. at 555-56 (2007). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman*).

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citations omitted); *see also U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Anand v. Ocwen Loan Servicing,*

*LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)).  Of import here, "[w]hen the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167.  Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

Defendants did not attach any exhibits to their Motion.  However, as noted, plaintiffs submitted various attachments to their Opposition.  *See* ECF 14-1.  These attachments appear to provide support for plaintiffs' complaints, but they are not incorporated into the Amended Complaint.  *See, e.g.*, ECF 14-1 at 22 (receipt for moving expenses).  Therefore, I shall not consider them.[5]

### III.    Discussion

#### A.

Defendants assert that plaintiffs have failed to "plead sufficiently in accordance with Rule 8 of the Federal Rules of Civil Procedure."  ECF 10-1 at 1.  Further, they contend that, under Rule 12(b)(6), the "Complaint fails to plead any claims where relief may be granted by this

---

[5] Even if the Court were to consider the exhibits, such consideration would not alter the disposition of the Motion.

honorable Court." *Id.* at 4.[6] Defendants cite several cases in support of their argument, most of which are not decisions of the Fourth Circuit or decisions of district courts within the Fourth Circuit. *See, e.g.*, ECF 10-1 at 2 (citing *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (5th Cir. 1959)).

Essentially, defendants claim that dismissal is required because (a) plaintiffs do not use the word "jurisdiction" in their Complaint (ECF 10-1 at 2); (b) plaintiffs do not cite any federal statutes in their Complaint (*id.*); (c) plaintiffs have "failed to request any relief which could be granted by this Court" (*id.* at 3); and (d) plaintiffs "did not provide sufficient detail to establish any recognizable claim in their Complaint." *Id.*

It appears that defendants reviewed only the Amended Complaint (ECF 7), and not the initial Complaint (ECF 1). This is understandable, although I have chosen to conclude that the Amended Complaint incorporated the Complaint. Even so, defendants' assertions are largely belied by the pleadings in the Amended Complaint.

Section 1331 of 28 U.S.C. provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs expressly refer to the Fourth and Fourteenth Amendments to the United States Constitution as a basis for their claims in the Amended Complaint. *See* ECF 7 at 3, 8. Although the details of these claims are not expertly pleaded, the civil action is alleged to arise under the Constitution. As a result, defendants' arguments that plaintiffs inadequately pleaded jurisdiction are swiftly defeated. In any event, "'the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters.'" *Roberts v. Office of the Sheriff for Charles Cty.*, DKC-10-3359, 2012 WL 12762, at *10 (D. Md. Jan. 3,

---

[6] Although defendants appear to direct the Motion to the Amended Complaint, they refer to it throughout as the Complaint.

2012) (quoting *Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670, 683 (D. Md. 2010)) (alterations omitted).

Defendants' contention that plaintiffs "failed to request any relief which could be granted by this Court" (ECF 10-1 at 3) is dispatched with similar ease. Plaintiffs assert, ECF 7 at 12: "[Defendants] should [pay] for [] Medicare, Hospitals, Dr.'s bills, Ambulances, Insurance, and moving expenses. . . . All persons should be reimbursed." This request is clear: Plaintiffs want reimbursement for their medical expenses and moving costs resulting from the alleged problems with their apartment. Indeed, defendants *quote directly* from plaintiffs' request for relief, and then conclude, without explanation, that no such relief can be granted. *Id.* at 3-4.

The last argument standing for defendants is that the Amended Complaint is "factually deficient," and "lack[s] enough information to establish a claim for relief." ECF 10-1 at 3, 5. However, defendants do not address the substance of any of plaintiffs' claims. Instead, they assert that the claims "have no equivalent federal statute" and "do not . . . include factual allegations establishing the elements of any such statute." *Id.* at 4-5.

Defendants' decision to ignore plaintiffs' actual pleadings is somewhat bewildering. One of the claims that defendants contest, alleged under the heading "Health and Safety" in plaintiffs' Amended Complaint, explicitly cites a Maryland statute—R.P. § 8-211—as well as the Fourth Amendment to the U.S. Constitution. ECF 7 at 8. It does not appear that the Fourth Amendment is properly invoked here, based on plaintiffs' allegations. But, the Maryland statute provides for a cause of action against a landlord for the failure to repair or eliminate serious conditions and defects of residential dwelling units. *See* R.P. § 8-211. To be sure, it is not a *federal* statute. However, contrary to defendants' contentions, it does "exist in law." ECF 10-1 at 4. If this

Court can exercise federal question jurisdiction over certain of plaintiffs' claims, it may exercise supplemental jurisdiction over any related State-law claims. *See* 28 U.S.C. § 1367.

**B.**

Unfortunately for plaintiffs, I find that their asserted federal causes of action do not state a claim. As noted, the only federal bases cited for plaintiffs' claims are the Fourth and Fourteenth Amendments to the U.S. Constitution. *See* ECF 7 at 3, 8. Plaintiffs allege, in complaining that "Tenants/Landords Laws [were] not applied," that, "[u]nder the 14th Amendment," they were "deprive[d] of life, liberty, or property without due process and equal protection of the laws of the State of Maryland." *Id.* at 3. And, plaintiffs allege that their Fourth Amendment rights were violated on August 19, 2016, when defendant Grant "entered [their] home and planted a bed bug in [the] chair. She took [a] picture. She had no right." *Id.* at 8.

It is well established that the Fourth and Fourteenth Amendments protect only against government action. *See United States v. Richardson*, 607 F.3d 357, 364 (4th Cir. 2010) ("The Fourth Amendment, however, does not protect against searches, no matter how unreasonable, conducted 'by private individuals acting in a private capacity.'" (Quoting *United States v. Jarrett*, 338 F.3d 339, 344 (4th Cir. 2003))); *see United States v. Morrison*, 529 U.S. 598, 621 (2000) ("[T]he Fourteenth Amendment, by its very terms, prohibits only state action."); *Jenkins v. Gaylord Entm't Co.*, 840 F. Supp. 2d 873, 884 (D. Md. 2012) (dismissing Fourteenth Amendment claims for want of state action).

Plaintiffs have not alleged that defendants are government actors or are otherwise operating on behalf of the government. Indeed, they have indicated the opposite. *See* ECF 1 at 13 (stating that plaintiffs "paid cash and [are] not on any government program"). Although there may be federal laws of which plaintiffs could avail themselves, plaintiffs have not done so, nor

have they suggested that they seek to use them.  Instead, plaintiffs have repeatedly invoked only the Constitution and Maryland laws.  *See* ECF 1 at 4.

Accordingly, plaintiffs' claims under the Fourth and Fourteenth Amendments are subject to dismissal.  As a result, only State-law claims remain.  Under 28 U.S.C. § 1367(a), in any civil action in which a court has original jurisdiction, a court shall have supplemental jurisdiction over related State claims.  But, under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction.  I shall decline to exercise supplemental jurisdiction over the State-law claims.  Therefore, they shall be dismissed, without prejudice.

I note that, in their Opposition, plaintiffs consented to the dismissal of any claims over which this Court lacks jurisdiction, "so [plaintiffs] can file with the correct court."  ECF 14 at 2.  I make no ruling as to the viability of the State-law claims.  But, plaintiffs may pursue those claims in the appropriate State court.[7]

## IV.    Conclusion

For the reasons stated above, plaintiffs' claims under the Fourth and Fourteenth Amendments, as well as plaintiffs' State-law claims, are DISMISSED, without prejudice to their right to file another suit in State or federal court.  An Order follows.


Date:   April 6, 2018                                   _____/s/_____
                                                       Ellen Lipton Hollander
                                                       United States District Judge

---

[7] In this circumstance, under 28 U.S.C. § 1367(d), the statute of limitations is tolled as to any such claim for a period of 30 days after the dismissal.